IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCISCO NEGRON, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| FREDERIC ROSEMEYER, et al., | : | NO. 06-1507 |
| Respondents. | : | |

**REPORT AND RECOMMENDATION**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                                January 31, 2007

Before the Court is the *pro se* petition of Francisco Negron (alternatively "Negron" or "Petitioner") for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. His petition challenges his state court conviction on grounds that the verdict was against the weight of the evidence and that the evidence was insufficient to support the verdict. For the reasons set forth below, this Court **RECOMMENDS** that the petition be **DENIED**.

**I.     PROCEDURAL HISTORY**[1]

On December 11, 2002, following a two-day bench trial that also involved co-defendant Hector Lopez, Petitioner was found guilty of aggravated assault, Violation of the Uniform Firearms Act ("VUFA"), possession of an instrument of crime ("PIC"), simple assault, reckless endangerment

---

[1] In preparing this Report and Recommendation, we have reviewed the following items filed with the Court: Petitioner's Form Application for Habeas Corpus Under 28 U.S.C. § 2254 (undated but bearing a postmark of May 9, 2006) (Doc. No. 3) ("Pet."); the Memorandum of Law in Support of the Petition for the Writ of Habeas Corpus ("Pet'r Br."), which Negron appended to his Section 2254 petition submitted on May 9, 2006; the District Attorney's Response to Petition for Writ of Habeas Corpus, with appended exhibits (Doc. No. 9) ("Ans."); and the state court record received from the Clerk of Quarter Sessions of Philadelphia. Although we advised Petitioner that he could file a reply to the District Attorney's Response if he wished (*see* Doc. No. 10), he has not done so.

1

of another person ("REAP"), and fleeing a police officer. He was sentenced on January 22, 2003 to an aggregate prison term of 7½ to 15 years' imprisonment.[2] (Pet. at 4; Pet'r Br. at 1-2; Ans. at 1-2; state court record.) He did not file any post-sentence motion but on February 21, 2003 filed a notice of appeal. His conviction was affirmed by the Pennsylvania Superior Court on March 17, 2004. (Ans. at 2.)[3] The Pennsylvania Supreme Court denied his petition for allowance of appeal on July 22, 2004. (Pet'r Br. at 2; Ans. at 2.)

Negron is currently incarcerated at the State Correctional Institution Laurel Highlands in Somerset, Pennsylvania. He initiated this action on September 13, 2005.[4] (Doc. No. 1.) The Philadelphia District Attorney's Office filed its response on September 5, 2006. (Doc. No. 9.)

## II.   FACTUAL BACKGROUND

Petitioner's convictions relate to a shooting that occurred around 5:00 p.m. on December 29, 2001 in Philadelphia. At trial, 15-year old Leonard Pavon testified that he observed a man get out of a van in front of Pavon's house near the intersection of York and Orkney Streets in Philadelphia, ask who kicked his van, and then pull a gun, pointing it at Pavon. He identified the man at trial as Negron's co-defendant, Lopez. (N.T. 12/10/02 at 73-75.) Pavon testified that he also observed

---

[2] It appears from the state court record that he was sentenced to concurrent 7 ½ - 15 year prison terms on the two aggravated assault convictions. He was sentenced on the VUFA conviction to a period of probation to follow the completion of his prison sentence. There was no further sentence imposed on the PIC, REAP, or flight charges.

[3] The trial court and Superior Court opinions are contained in the state court record and are also appended as exhibits to the Answer.

[4] Negron initiated this action in the United States District Court for the Western District of Pennsylvania. His petition was then transferred to this district by Order of the District Court for the Western District on March 27, 2006. While he is not currently a resident of the Eastern District of Pennsylvania, venue here is proper in that his current confinement grew out of a prosecution and conviction in Philadelphia County.

another man — whom he identified in court as petitioner Negron — there as well, but that he did not see anything in his hands. (N.T. 12/10/02 at 81.) Pavon testified that he ran inside his house at 427 West York Street and then heard gunshots. After the shooting stopped, he came outside and saw the van, parked in a different spot around the corner on Orkney Street, pull off. (N.T. 12/10/02 at 78, 81-83; N.T. 12/11/02 at 55-56, 59-60, 69.) He also saw two police cars come down York Street. He and others told the first police car that the van was going down Orkney Street, and that car followed in pursuit. (N.T. 12/10/02 at 81-86; N.T. 12/11/02 at 58, 72-73.)

Pavon's mother, Evelyn Torres, testified that she had heard people speaking on the street outside her home. When she went to look out from her second floor window, she saw Lopez with a gun. She screamed and he raised the gun above his head, pointing up. (N.T. 12/10/02 at 51-52, 57-58.) After she stepped back from the window, she heard approximately ten gunshots. Police arrived, with some stopping in front of her house and some continuing down the street. (N.T. 12/10/02 at 58-60.)

Police Officers Ryan Macartney and Richard Bova, Jr. testified at trial that they happened to have been driving in their marked police car in the 400 block of West York Street when they heard a radio call go out for a disturbance at 427 West York Street involving a person with a gun. Both officers testified that they then heard a gunshot from what sounded like close range around the corner in the 2400 block of North Orkney Street. They exited their car to investigate. (N.T. 12/10/02 at 93-94; N.T. 12/11/02 at 5-6, 18, 27-28.) They testified that they observed a Hispanic male — whom they identified in court as Negron — firing a handgun near a maroon and silver conversion van and proceeding northbound on the 2400-block of North Orkney Street. They testified that they then saw the man turn and fire in their direction. They dove to the ground for cover and heard more shots.

Some of the shots sounded as though they were from Negron's gun while others sounded as though they were from further away. After the shooting stopped, they observed the man enter the van and drive off southbound on Orkney Street. (N.T. 12/10/02 at 94-95, 111-12, 117-18; N.T. 12/11/02 at 6-9, 17, 20, 29-33.)

Officers Macartney and Bova testified that they pursued the van[5] and observed a second Hispanic male — whom they identified in court as Lopez — jump out of the passenger side. (N.T. 12/10/02 at 95-96, 101-02; N.T. 12/11/02 at 9-11.) The officers continued in pursuit of the van until it stopped in the 1800-block of North 4th Street, where they found Negron behind the wheel with a gunshot wound to the foot. The name he gave police upon arrest was not his actual name. (N.T. 12/10/02 at 85, 102-03.) Counsel stipulated to the fact that Negron was not licensed at the time to carry a firearm. (N.T. 12/10/02 at 144.) Neither Negron nor Lopez testified at trial.

At the conclusion of closing arguments, the trial judge announced her verdict with respect to both Lopez and Negron. She found Negron not guilty of attempted murder and of conspiracy. She found him guilty, however, of the two counts of aggravated assault on the police officers, the VUFA section 6108 charge, PIC, simple assault, REAP, and fleeing the police. (N.T. 12/11/02 at 113-14.)

---

[5] Officers Macartney and Bova testified they noticed the driver and passenger doors of the van open and close. They later retraced on foot the route the van had taken and found a loaded black handgun on the east side of the 2000-block of North Orkney Street, which would have been the side of the street closest to the driver's side of the van. (N.T. 12/10/02 at 92-96, 102-07, 111-12, 117-18, 134-35, 138; N.T. 12/11/02 at 12, 15.) Ballistics evidence, however, established that that gun had not been fired that evening. (N.T. 12/10/02 at 122-25.)

**III.    DISCUSSION**

Respondents contend that Negron's petition fails on the merits. (Ans. at 2, ¶ 9.) They challenge neither the timeliness of the petition nor whether Negron properly exhausted in state court the claim he advances here.[6] Therefore, we proceed to consider whether he is entitled to relief under the applicable standards.

Negron describes the single ground for his petition in a somewhat circular manner: "that the evidence is insufficient and against the weight of evidence to support the court's verdict." (Pet. at 9.) By way of supporting facts he refers to "testimonial and physical evidence that proves that appellant was not in possession of a firearm, nor did he fire any shots in said officers direction." (*Id.*) We interpret his challenge as directed toward his convictions for aggravated assault, VUFA, and PIC, but not to simple assault, REAP, or fleeing a police officer, which were not among the charges he challenged on direct appeal in state court and which did not result in the imposition of any additional sentence.[7] Based upon his submissions, we construe Negron to raise two claims in this petition: (1) that the verdict was against the weight of the evidence, and (2) that the evidence was

---

[6] Respondents conceded in their answer that the petition was timely-filed (Ans. at 2 n.1), and it appears to us to be as well.

[7] Even if Negron's petition were read to include a challenge to these charges, we would find that such a claim would be procedurally defaulted in light of the fact that Negron did not raise any issues regarding the convictions on those charges in the Pennsylvania Superior Court. (*See* App't. Br. to Pa. Super. Ct., No. 654 EDA 2003, at 6 ("Question Presented").) Negron has not demonstrated any basis to excuse the procedural default of any claim regarding those convictions. Therefore, we will not review them. *See, e.g.,* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

insufficient to support his conviction.[8]

The first claim is not cognizable in habeas corpus review. A challenge to the weight of the evidence requires an assessment of the credibility of the evidence presented at trial. Credibility determinations made at trial, however, are given presumptive weight. *See Miller v. Fenton*, 474 U.S. 104, 115 (1985); *Tibbs v. Florida*, 457 U.S. 31, 42-45 (1982); *Smith v. Vaughn*, Civ. A. No. 96-8482, 1997 WL 338851, *8 (E.D. Pa. June 17, 1997). As a federal court has no power to grant habeas relief based on a claim that the conviction is against the weight of the evidence, we therefore proceed to examine only the sufficiency of the evidence supporting Negron's convictions on the three charges.

On federal habeas review of a sufficiency of the evidence due process claim, we evaluate whether the state court determination is "contrary to, or involves an unreasonable application of, clearly established federal law," 28 U.S.C. § 2254(d)(1), which presents a mixed question of fact and law. *See, e.g., Ross v. Kyler*, No. Civ. A. 01-2579, 2002 WL 188713, *3 (E.D. Pa. Feb. 4, 2002) (noting sufficiency of the evidence claim does not implicate 28 U.S.C. § 2254(d)(2) because it is not a question of pure fact). With respect to the "contrary to" clause of Section 2254(d)(1), we note

---

[8] Negron's accompanying brief identifies the issue presented by his petition as "whether the court's verdict was against the weight of evidence?" (Pet'r Br. at 1. *See also id.* at 4.) The "Argument" section of his brief begins by reciting a standard of review of an appellate court "when reviewing a challenge to the weight of evidence." (*Id.* at 4 (citing *Commonwealth v. Drumheller*, 808 A.2d 893, 908 (Pa. 2002)).) However, the "Conclusion" section of his brief begins by reciting the standard of review of an appellate court "when reviewing the sufficiency of the evidence." (*Id.* at 7 (citing *Commonwealth v. Brown*, 711 A.2d 444 (Pa. 1988)).) He goes on to assert that "the evidence was insufficient to support a conviction," and points to what he believes are deficiencies in the evidence. (*Id.* at 7-8.) He concludes by asserting "that the evidence is insufficient to support a guilty verdict and at the least, is against the weight of evidence, so as to shock this court's conscience" and asks that his conviction be vacated "because the evidence is insufficient and against the weight of the evidence to support the verdict." (*Id.* at 8.)

initially that Negron does not allege in his papers that the state court applied a standard inconsistent with established federal law.[9] Furthermore, our review of the record demonstrates that the state court applied a sufficiency of the evidence standard that is indistinguishable from the standard promulgated by the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307 (1979).[10] As a result, the "contrary to" clause of Section 2254(d)(1) does not provide a basis for habeas relief. We are only left to consider, therefore, whether habeas relief should be granted under Section 2254(d)(1) because of a state court adjudication that unreasonably applied the *Jackson* standard to the facts of this particular case. *See Bell v. Cone*, 535 U.S. 685, 694 (2002).

### 1. Conviction for aggravated assaults

Negron was convicted of two counts of aggravated assault with respect to Officers Macartney and Bova. The crime of aggravated assault is defined in the Pennsylvania Crimes Code as follows:

> A person is guilty of aggravated assault if he:
> (1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;
> (2) attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c) or to an employee of an agency,

---

[9] Relief would be warranted under that clause only if the state court applied a rule that contradicted federal law as determined by the Supreme Court or arrived at a different result on a set of facts indistinguishable from a Supreme Court case. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

[10] In *Jackson*, the Supreme Court held that when evaluating a sufficiency of the evidence claim, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. Similarly, the state court, in the trial court opinion adopted and incorporated into the decision of the Superior Court, explained that it would evaluate "whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to support all the elements of the offense beyond a reasonable doubt." (Comm. Pl. Ct. Op., 5/28/03, at 4.)

>company or other entity engaged in public transportation, while in the performance of duty;
>(3) attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty;
>(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon;
>(5) . . . ; or
>(6) attempts by physical menace to put any of the officers, agents, employees or other persons enumerated in subsection (c), while in the performance of duty, in fear of imminent serious bodily injury.

18 Pa. Cons. Stat. § 2702(a). The term "officers, agents, employees and other persons" includes police officers. *Id.* § 2702(c)(1).

The state court found that there was sufficient evidence to support the aggravated assault convictions in light of the credible evidence that Negron "stood in the middle of Orkney Street at approximately 5:30 p.m., fired his gun several times, then turned and fired directly at Officers Macartney and Bova," following which he fled in the van. (Comm. Pl. Ct. Op., 5/28/03, at 5. *See also* Pa. Super. Ct. Op., 3/17/04, at 3-4 (quoting same).)[11] "Firing ten to twelve shots from a semi-automatic weapon on a busy public street and directly at police officers . . . is more than sufficient evidence to sustain the convictions for the crimes charged." (*Id.*)

We have reviewed the evidence in light of the *Jackson* standard and agree with the trial court's assessment. The fact that the two civilian witnesses, Torres and Pavon, did not see Negron fire a gun during the points in time in which they observed the events unfolding does not contradict or necessarily even undermine the officers' testimony. The trial judge was free to credit the officers'

---

[11] The Superior Court specifically adopted and incorporated the trial court's opinion, finding that it "correctly addresses the issues in this case." (Pa. Super. Ct. Op., 3/17/04, at 4.)

testimony, as she clearly did.[12] As the state court's rejection of this claim does not constitute an unreasonable application of the *Jackson* standard, it does not provide a basis for habeas relief.

### 2. VUFA conviction

Negron was convicted of one count of the following crime:

> No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class[13] unless:
> (1) such person is licensed to carry a firearm; or
> (2) such person is exempt from licensing under section 6101 of this title . . . .

18 Pa. Cons. Stat. § 6108.

The state court found that there was sufficient evidence to support the VUFA conviction in light of the officers' testimony that they saw Negron firing a gun in the middle of a street in the City of Philadelphia and in light of counsel's stipulation and the supporting records confirming that Negron was not licensed on that date to carry a firearm. (Comm. Pl. Ct. Op., 5/28/03, at 5. *See also* Pa. Super. Ct. Op., 3/17/04, at 3-4.)

Given our review of the evidence, we agree with the state court. The officers' testimony provides sufficient evidence from which a rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt, notwithstanding the fact that a subsequent search

---

[12] The trial judge noted that "the testimony of the Commonwealth witnesses was credible and properly credited by this Court." (Comm. Pl. Ct. Op., 5/28/03, at 6.) The trial judge did not see any conflict inherent in the testimony of the police officers and the two civilian witnesses called by the prosecution. (*See id.* at 3-4 (noting that the "credible testimony" of Torres and Pavon "corroborated that of the officers, placing both Negron and Lopez at the scene right before hearing several gunshots" and further connected the van to Negron and Lopez). *See also id.* at 4 (noting that both Torres and Pavon admitted they remained inside until the shooting was over).)

[13] *E.g.,* Philadelphia.

9

of the area and van did not yield a gun or spent ammunition linked to the shooting the officers observed. Such physical evidence was not required to establish that Negron engaged in conduct punishable under the VUFA. As the state court's rejection of this claim does not constitute an unreasonable application of federal law, it does not provide a basis for habeas relief.

### 3. PIC conviction

Negron was convicted of one count of the crime defined, in relevant part, as follows:

> (a) Criminal instruments generally.—A person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally.
> (b) Possession of weapon.—A person commits a misdemeanor of the first degree if he possesses a firearm or other weapon concealed upon his person with intent to employ it criminally.
> . . .
> (d) Definitions.—As used in this section, the following words and phrases shall have the meanings given to them in this subsection:
> . . .
> "Instrument of crime." Any of the following:
> (1) Anything specially made or specially adapted for criminal use.
> (2) Anything used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have.
> "Weapon." Anything readily capable of lethal use and possessed under circumstances not manifestly appropriate for lawful uses which it may have. The term includes a firearm which is not loaded or lacks a clip or other component to render it immediately operable, and components which can readily be assembled into a weapon.

18 Pa. Cons. Stat. § 907.

Our discussion of the prior claim applies with equal force to this claim. The state court's rejection of this claim does not constitute an unreasonable application of federal law. As a result, habeas relief is not warranted.

10

### IV. CONCLUSION

Pursuant to Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit, at the time a final order denying a habeas petition is issued, the district judge is required to make a determination as to whether a certificate of appealability ("COA") should issue. Where a petitioner's constitutional claims have been rejected on the merits, a COA is not warranted under 28 U.S.C. § 2253(c) unless the petitioner demonstrates that reasonable jurists would find the district court's assessment of his constitutional claims to be debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons set forth above, we do not believe that a reasonable jurist would find the Court's rejection of Negron's constitutional claims to be debatable or wrong. Accordingly, a COA should not issue. Our recommendation follows.

### R E C O M M E N D A T I O N

**AND NOW**, this 31st day of January, 2007, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus be **DENIED**. It is **FURTHER RECOMMENDED** that a certificate of appealability should **NOT ISSUE**, as we do not believe that Petitioner has made a substantial showing of the denial of a constitutional right.

BY THE COURT:


/s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE